IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Travis McCrea, a/k/a Travis McCrae, a/k/a Travis Sintell McCrae ) ) ) Plaintiff, ) ) vs. ) ) ) ) Truist Bank Mike McGuire, Chief ) Financial Officer, ) Rachel Sickles, Account Officer, ) Sure Payroll, Inc., ) ) Defendants. ) ) | Case No.: 4:25-cv-13112-JD-TER  **ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers III (DE 7), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Report concerns the Magistrate Judge's initial review of Plaintiff Travis McCrea, a/k/a Travis McCrae, a/k/a Travis Sintell, McCrae's ("Plaintiff" or "McCrae") complaint.[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In brief, Plaintiff, proceeding *pro se* and *in forma pauperis*, brought this action against his bank and payroll processor alleging

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

violations of various federal statutes arising from the freezing and closure of accounts and related financial consequences.

### B. Report and Recommendation

The Magistrate Judge reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915, and a Report was issued on November 5, 2025, finding that Plaintiff failed to establish subject-matter jurisdiction. The Report concludes that Plaintiff's cited statutes do not provide applicable private rights of action, federal question jurisdiction is lacking, and diversity jurisdiction is not pleaded. The Magistrate Judge, therefore, recommends dismissal without prejudice and without issuance and service of process and recommends declining supplemental jurisdiction over any state-law claims.

Plaintiff filed objections to the Report on November 20, 2025. (DE 9.)

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate

judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiff's Objections

Plaintiff's objections do not identify any specific factual or legal error in the Report's analysis. Instead, Plaintiff reiterates that federal question jurisdiction exists based on federal banking statutes, credit and tax statutes, Executive Orders, and generalized allegations of fiduciary misconduct. (DE 9 at 2–5.)

As to the cited banking and financial statutes, Plaintiff again relies on provisions that govern regulatory oversight or enforcement by federal agencies but do not create a private right of action applicable to the conduct alleged. The Report expressly addressed this deficiency, and Plaintiff's objection does not explain how those statutes confer jurisdiction or provide a viable cause of action in this case.

Plaintiff's reliance on Executive Orders is similarly unavailing. Executive Orders, absent express statutory authorization, do not create enforceable private rights or independently confer federal jurisdiction, and Plaintiff identifies no authority to the contrary.

To the extent Plaintiff asserts violations of tax statutes and claims of fiduciary misconduct by individual defendants, those assertions are either conclusory, raised for the first time in the objection, or insufficient to establish subject-matter jurisdiction or a plausible federal claim. Disagreement with the Report's conclusions, without identifying an error in its reasoning, is not a proper objection under 28 U.S.C. § 636(b)(1).

Accordingly, because Plaintiff's objections merely restate arguments already addressed and rejected in the Report and fail to demonstrate any error in the Magistrate Judge's findings or conclusions, the objections are overruled.

### E.   Conclusion

After a thorough review of the Report and Recommendation and the record in this case, the Court finds no error. The Court, therefore, adopts the Report (DE 7) and incorporates it herein by reference.

It is, therefore, ORDERED that Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE and without issuance and service of process. Because the Court dismisses all claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over any remaining state-law claims pursuant to 28 U.S.C. § 1367(c)(3). *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Those claims are dismissed without prejudice.

**IT IS SO ORDERED**.

Florence, South Carolina
January 6, 2026

Joseph Dawson, III
United States District Judge

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.